## WHITTREDGE *et als. v.* CONCORD AND PEMBROKE.

Upon application to the county commissioners to assess a portion of the expense of constructing a new highway upon an adjoining town, a notice in writing, by the commissioners, of the time and place for hearing the application, addressed to the selectmen and town-clerk of such town, by name, with the addition of their official designation as selectmen and town-clerk, and stating therein that the selectmen of the town may attend and be heard, is a sufficient notice to the town.

It is no ground of exception to the report of the commissioners, assessing a portion of the expense upon the adjoining town, that the report sets forth that the commissioners notified the adjoining town, upon the motion of the attorney of the town in which the highway is prayed for, and without stating that they first made the preliminary inquiry whether there was probable ground for making the assessment; nor that a definite sum is assessed to be paid by the adjoining town to the town in which the highway is to be constructed, instead of apportioning the whole expense in definite proportions between the two towns; nor that the report making the assessment is distinct from that laying out the highway, if they are returned together to the court of Common Pleas.

The facts that the town in which the highway is to be constructed has a large valuation for the purposes of taxation, as compared with the other town, and that the whole expense of constructing it, if raised by one tax in the former town, would increase their taxation only to a small amount, are not conclusive evidence that the town would not be excessively burdened by the whole expense.

PETITION for a new highway in the city of Concord.

The commissioners to whom the petition was referred, having heard the parties upon the question of laying out the highway, drew up and signed a report, laying it out, and appended thereto a further report, " that upon a motion made by the counsel for the city of Concord, in writing, that the town of Pembroke, in said county, be summoned to appear before the commissioners, to show cause why they should not be assessed to pay a portion of the expense of constructing the highway, the commissioners gave due notice to the town-clerk and selectmen of Pembroke of the time and place appointed by them for the hearing upon the question whether Pembroke should be so assessed ; that they heard the parties at the time and place appointed ; that they were of opinion that Concord would be excessively burdened by

the whole expense, and that Pembroke would be greatly bene-fitted by the construction of the highway, and that Pembroke ought to bear a portion of the expense ; and that therefore they apportioned one thousand dollars to be paid by Pembroke to Con-cord for that purpose."

The notice to Pembroke was as follows :

" To *Trueworthy L. Fowler, Martin H. Cochran,* and *John K. Robinson, selectmen of the town of Pembroke;* and *Joseph W. Emery, town-clerk of said town :*

" You are hereby notified that the county commissioners, on the petition of Whittredge and others for a new highway in Con-cord, will meet at the court-house, in Concord, on the 28th of August, 1857, at 11 o'clock in the forenoon, to execute their commission on said petition. The selectmen of Pembroke, and all others interested, may then and there attend, and they shall be heard upon the question whether or not said town of Pem-broke ought to bear a portion of the expense of constructing said highway.

" DAVID M. CARPENTER, Chairman."

The report of the commissioners was returned to the court of Common Pleas, and the town of Pembroke filed the following objections to its acceptance.

1. That the town was not legally notified, because the notice was addressed to the officers of the town, and not to the town.

2. That the commissioners proceeded to assess said Pembroke upon the motion of the attorney of Concord, and without a preliminary finding by them, before issuing the notice that there was probable ground for assessing a portion of the expense on Pembroke.

3. That the report itself, by its estimate of the cost of the road, and its assessment upon Pembroke, considered in connection with the State valuation of Concord and Pembroke, shows that this is not a case intended by the statute under the provisions of which the attempt is made to charge Pembroke.

4. That the report assesses a definite sum on Pembroke, and does not apportion a part of the expense on that town by assess-

ing a proportionate share of the expense, and does not apportion the same to be laid out in constructing the highway.

5. That the assessment is not made upon Pembroke in the report laying out the highway, but in a separate report.

6. That the proceedings and rulings of the commissioners at the hearing were illegal, and that they acted under a misapprehension of the meaning of the statute, in making the assessment.

In support of the objections which do not appear upon the face of the report, the town presented the affidavit of Trueworthy L. Fowler, to the effect that he was present at the hearing; that the counsel for Concord took the position before the commissioners that it was not necessary to show that Concord would be excessively burdened by the expense of constructing the road absolutely, but only in comparison of the amount of use that Concord people would make of it, compared with that which Pembroke people would make of it; that the commissioners sustained this position, as he understood it, as the meaning of the law; that, in attempting to make out their case, before any evidence was offered by Pembroke in defence, no proof was offered to show that Concord would be burdened by the whole expense, nor to show the ability of Pembroke; that the counsel for Concord stated in argument that Concord was able to construct several such highways without being excessively burdened in any other sense than as founded upon a comparison of the extent to which the road would be used by the people of the two towns respectively; and that when the evidence was closed on the part of Concord, without any proof being introduced that Concord would be excessively burdened by the whole expense, the counsel for Pembroke moved the discharge of that town, on the ground that a case sufficient for charging them with a portion of the expense had not been made out, and the commissioners denied the motion.

The court of Common Pleas overruled the objections, and Pembroke excepted.

*Flint & Bryant*, for Pembroke.

1. The town should have been directly notified. The appearance of individuals at the hearing must be understood as following the notice, and therefore personal, and not for the town, nor by their authority. Such appearance was no waiver of notice.

2. The commissioners assume that the law under which they acted is of general application, and that, whenever a new highway is laid out, all the towns around, whose citizens may have occasion to use it, may be summoned in, and made to bear a part of the expense. The general well settled policy of this State, that every town shall build and maintain its own highways and bridges, is not changed by this statute. It has application only in extremely rare cases — when the town in which the road is to be constructed would be *excessively* burdened by it, and the adjacent town would be greatly benefited. The jurisdiction of the commissioners is limited by these provisions of the statute. Until they have found the existence of these facts, upon a preliminary examination, they have no authority to act in giving notice to the adjoining town. Here they proceeded to give the notice upon the mere motion of an interested party, without first inquiring into the matter by which alone they could obtain jurisdiction.

3. The valuation of Concord is $4,676,369, while that of Pembroke is but $620,720 ; giving a ratio of about seven to one. The commissioners estimate the expense of the highway at $11,000, which, if raised at once by a single tax, would be only twenty-six cents on a hundred dollars of the valuation of Concord. This shows clearly that Concord would not be excessively burdened, within the meaning of the law.

4. The provision of the statute which requires the commissioners to apportion such part of the expense as may be just, to the adjacent town, is not complied with by assessing a definite sum. It should be by fixing the ratio of the expense for the respective towns. Suppose Pembroke pays the $1,000, the road may be discontinued without being built ; Concord then has the money for nothing. In the second section of the act it is implied that the town assessed shall lay out their proportion in building

the road, and they may be compelled to do this by indictment. The assessment of a fixed sum to be paid over to the other town was therefore illegal.

5. The apportionment is required by the statute to be made in the report laying out the highway.   Here it is made in a distinct and separate report.

6. The motion to discharge Pembroke was improperly denied. If the construction of the statute contended for by the counsel for Concord, and adopted by the commissioners, is to prevail, the question of apportionment of the expense is to depend upon the use that may be made of the road by citizens of the respective towns, instead of the amount of tax necessary to be raised to meet the expense, as compared with the valuation upon which it is to be made, which is the true test of the ability of the town.

It is no burthen, but, on the contrary, a benefit to Concord that the citizens of Pembroke use their highways.   It must be supposed that thereby the business of Concord is increased and its prosperity promoted.

Besides, to give this construction to the statute will open the door to nice inquiries and expensive litigation in every case of laying out a new highway, upon the question of the probable extent of its use by the citizens of all the surrounding towns. To expand the business of road commissioners in this way would be a great public evil, for which no advantage which the public derive from the act, can compensate.   If this construction is to be given to it, the public good requires its immediate repeal.

*Chandler*, for Concord.

1. Pembroke was legally notified ; but if not, the report shows that the town appeared and were heard, and they cannot now object.

2. The preliminary decision that there is probable ground for charging Pembroke, is not a judicial determination, but merely a statement of the grounds of proceeding in citing in that town. When summoned in, and the parties interested are thus before the commissioners, they can then proceed to the inquiry, and

decide it judicially. The preliminary proceeding need not be stated in the report. It is to be presumed that the preliminary inquiry was made, from the fact that notice was issued to the town. If the commissioners had not been satisfied that probable ground existed for charging Pembroke, notice of course would not have been issued.

3. The excessive burden to Concord does not depend upon the State valuation of the two towns respectively, but upon the comparative use by them of the highway, and the benefits to be derived by them respectively from it, considered in connection with the expense.

4. The commissioners are required by the statute to make an estimate of the expense of the highway, and they are authorized to assess a definite sum upon the other town. *Sanborn's Petition*, 33 N. H. 71. The statute constitutes them the tribunal for determining the sum.

5. The report assessing Pembroke is made, by reference to it, a part of the report laying out the highway, and this is sufficient.

6. The positions taken by the counsel for Concord, at the hearing, were substantially correct. It is absurd to place any other construction upon the statute.

SAWYER, J. The notice issued by the commissioners, of the time and place appointed for the hearing, upon the question whether Pembroke should bear any portion of the expense, was addressed to the selectmen and town-clerk of that town by name, and also by their official designation as such selectmen and town-clerk, and it expressly informed them that the selectmen, as such, might attend and be heard. This must have been understood, as it was clearly intended, as a notice to them in behalf and on account of the town, and not to them personally. As such, it was in fact a notice to the town, as required by the statute, though in the form of a notice addressed to the selectmen and town-clerk in their official capacity, as representing the town, for the purpose of receiving the notice, and as being the proper

officers to receive it in behalf of the town. It certainly conveyed all the information which could have been derived from it if it had been addressed directly to the town, and was sufficient.

In the regular course of proceeding, the commissioners, before issuing notice to other towns than that in which the highway is to be laid out, are to make the preliminary inquiry whether, probably, a case will be made out for assessing some portion of the expense upon such other towns. In *Webster* v. *Alton and New-Durham*, 29 N. H. (9 Foster) 369, it was held that this was required by the statute. They may proceed to make this preliminary inquiry upon their own motion, or upon the motion of any town or party interested. When it is moved by a party, the town is not necessarily to be cited in. The commissioners, upon going into the preliminary inquiry, may become fully satisfied that there can be presented no probable ground for assessing such town. If, however, they should come to the conclusion that there is probable ground, then the notice is to issue, and they are to proceed, upon the return of notice, to the hearing, whether the other town is to be assessed. The preliminary inquiry is not, however, made by the statute a necessary proceeding to give the commissioners jurisdiction of the question. It is only required for the purpose of regulating the orderly course of proceeding, that the embarrassments and inconveniences may be avoided which must necessarily result from summoning in various towns in the vicinity, without its first appearing probable that there will be occasion for such a proceeding. It is not necessary, therefore, that the report should set forth that the commissioners made the preliminary inquiry. It is to be presumed they did so from the fact of giving the notice. The second objection was properly overruled.

The third ground of exception, that, from the estimated expense of the highway, and the amount assessed on Pembroke, considered in connection with the valuation of the two towns, it appears that this is not a case within the contemplation of the act; and the sixth, that the proceedings of the commissioners at the hearing, as shown by the affidavit of Fowler, were illegal,

and show that the commissioners acted under a misapprehension of the law, involve substantially the same considerations, and will be disposed of in connection, after the remaining exceptions have been considered.

The fourth exception, that, by the report, Pembroke is assessed in a definite sum, we understand to be founded upon the position that the statute requires the whole expense to be assigned to the towns in certain proportions, instead of assessing the town in a definite sum. The language of the act is, they — the commissioners — shall, in their report laying out the highway, apportion such part of the expenses as they shall deem just and reasonable to such town or towns, to be borne by them. The word *apportion* is obviously used in the sense of assigning or assessing, and the act means only that the commissioners shall determine and declare in their report how much of the expense — what sum towards and on account of it — shall be paid by the other town or towns. No sound reason can be perceived for making the assessment in the form of a given proportion of the whole expense. In most cases it would probably be inconvenient and embarrassing to make it in that mode. No objection can be perceived to making it in all cases in the form of a definite sum; and it necessarily is to be laid out upon the highway by the town in which it is situated. No other practical method can be adopted in the expenditure of the money, than that it should be under the direction of the proper officers of the town within which the highway is to be constructed. The report, therefore, properly directs that it be paid over to Concord.

The fifth ground of objection, that the assessment is not made in the report laying out the highway, but in a separate report, is not sustained by the facts. The report indeed consists of two distinct branches — the first comprising a return of the proceedings in laying out the highway, and the second of the proceedings in reference to the apportionment of the expense; but these together constitute the report laying out the highway; the latter proceedings but an incident to the laying out, and the whole being returned to the court at the same time as an entire tran-

saction. The proceedings in apportioning the expense are necessarily, to some extent, distinct from and independent of those which have direct reference to the laying out. The laying out may be by one board, and the apportionment of the expense by another. *Mitchell* v. *Holderness*, 29 N. H. (9 Foster) 523. The apportionment of the expense must be held to be made in the report laying out the highway, within the meaning of the statute, when the reports upon the two branches of inquiry, whether made by the same or by different boards, are presented to the court concurrently, for their action upon them at the same time.

The remaining exceptions — the third and sixth — require some consideration of the grounds upon which the statute is to be regarded as proceeding in authorizing the apportionment of the expense.

The third exception is based upon the ground that the report itself, considered in connection with the valuation of the two towns, contains evidence that the commissioners acted upon a misconstruction of the law, and the sixth, that the fact of their acting upon such misconstruction is shown by the testimony of Fowler. The misconstruction alleged in both cases is in reference to the meaning of the statute in the use of the words, " excessively burdened :" the commissioners being authorized by the statute to make the apportionment only in case the town in which it is laid out would be excessively burdened by the whole expense, and the other town would be greatly benefited by the highway.

In *Webster* v. *Alton et al.*, this provision of the statute came under consideration. It is there said that the statute was not intended to change the ordinary rule that every town shall make its own highways, but was designed to apply only to extraordinary cases. To justify the commissioners in charging a portion of the expense upon Pembroke, it must appear affirmatively that the burthen would be excessive upon Concord — so heavy as to exceed reasonable limits ; such as, when added to their other necessary public burdens, would be extraordinary and oppressive.

It is not, however, to be inferred that the raising of $11,000, upon a valuation of between four and five millions, making a tax of only twenty-six cents on a hundred dollars of the taxable property of Concord, would not be thus excessively burdensome. When added to an already heavy taxation for other necessary purposes, it might be thus excessive, though made upon a much larger valuation, and increasing the taxation by a much smaller per cent. On the other hand, the raising of a much larger sum upon a smaller valuation might not be extraordinary and excessive, by reason of the comparative lightness of their other burthens. Nothing, therefore, results from the comparative valuation of the two towns, as tending to show that the commissioners entertained erroneous views as to the meaning of the law. The report sets forth that the commissioners were of opinion that Concord would be excessively burdened by the whole expense. This must be understood to mean precisely that excessive burthen which the statute intends, unless it is made to appear that the commissioners meant something different. It is not made so to appear from the report itself, or from any facts of which the court can take notice, without evidence *aliunde*. Assuming that such evidence may be resorted to for the purpose of proving it, still the affidavit of Fowler, which is the only evidence produced, fails to show that the commissioners, in their final adjudication of the question, acted under a misapprehension of the law. The affidavit states the positions taken by the counsel for Concord at the hearing, and sets forth that, in accordance with these positions, no evidence was offered before their case was closed, and Pembroke was called on for their defence, to show that Concord would be excessively burdened ; that thereupon the counsel for Pembroke moved that that town be discharged, which was denied by the commissioners. But the affidavit does not set forth that there was evidence finally offered upon that point. It is rather to be inferred, from the statements of the affidavit, that evidence that Concord would be thus burdened was ultimately introduced, and that the point of the objection, arising upon the facts disclosed in the affidavit, is that the commissioners held the town of

Pembroke to answer and proceed to their defence, when no evidence had been offered showing that Concord would be excessively burdened, before they were put upon the defence. All that is stated in the affidavit may be true, and still ample testimony have been introduced subsequently in the progress of the hearing. That the commissioners sustained the positions taken by the counsel for Concord, so far as to put Pembroke upon the defence, even if they erred in that view as the evidence stood when Pembroke was required to proceed, furnishes no ground of exception, if afterwards the evidence was introduced. By thus proceeding, the erroneous ruling, if it were one, was cured, and the exception waived. Thus understanding the facts stated in the affidavit, the fact is to be inferred, at least it is not negatived, that the proper evidence was afterwards supplied.

It is not intended to establish or recognize the doctrine that it is competent for the court of Common Pleas to revise and overrule the judgment of the commissioners upon the question whether the construction of the new highway will, or not, be excessively burdensome to the town. That there may be a case of mistake or error so palpable and flagrant as to warrant the court in setting aside the report on this ground, is possible, but nothing of that nature is presented by the evidence in this case.

All the exceptions having been properly overruled, the judgment of the court below, accepting the report,

*Is affirmed.*